IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Secure Matrix LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>Doskocil Manufacturing Co., Inc.,<br><br>       Defendant. | C.A. No. 4:25-cv-1306 |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Doskocil Manufacturing Co., Inc., ("Doskocil" or "Defendant"), by and through its undersigned counsel, files this Answer and alleges as follows against Secure Matrix LLC ("Secure Matrix" or "Plaintiff").

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff Secure Matrix LLC ("Plaintiff"), through its attorneys, complains of Doskocil Manufacturing Co., Inc. ("Defendant"), and alleges the following:

**RESPONSE:** Doskocil admits that the Complaint purports to set forth an action for alleged patent infringement.

**THE PARTIES**

2. Plaintiff Secure Matrix LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 W. 35th Street, Suite 1003, New York, NY 10003.

**RESPONSE:** Doskocil is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, on that basis, denies the allegations.

3. Defendant Doskocil Manufacturing Co., Inc. is a corporation organized and existing under the laws of Texas that maintains an established place of business at 2300 E Randol Mill Rd, Arlington, TX 76011.

**RESPONSE:** Admitted.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**RESPONSE:** Doskocil admits that the Complaint purports to set forth an action for alleged patent infringement under the patent laws of the United States, Title 35, United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE:** Doskocil admits that the Complaint purports that the Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**RESPONSE:** Doskocil admits that it conducts business activities and is incorporated in this District. Doskocil denies all remaining allegations of paragraph 6.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

**RESPONSE:** Doskocil admits that it conducts business activities and is incorporated in this District. Doskocil denies all remaining allegations of paragraph 7.

## PATENT-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent No. 8,677,116 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

**RESPONSE:** Doskocil denies infringement. Doskocil otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and, on that basis, denies the allegations.

## THE '116 PATENT

9. The '116 Patent is entitled "Systems and methods for authentication and verification," and issued 2014-03-18. The application leading to the '116 Patent was filed on 2013-08-09. A true and correct copy of the '116 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

**RESPONSE:** Doskocil admits that what appears to be a copy of the '116 Patent is attached to the Complaint as Exhibit 1. Doskocil further admits that the '116 Patent, on its face, is entitled "Systems and methods for authentication and verification," was filed on August 9, 2013, and was issued on March 18, 2024. Doskocil otherwise denies the allegations of paragraph 9.

## COUNT I: [ALLEGED] INFRINGEMENT OF THE '116 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

**RESPONSE:** Doskocil incorporates by reference its responses to the allegations contained in paragraphs 1-9.

3

11. Direct Infringement. Defendant has been and continues to directly infringe one or more claims of the '116 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '116 Patent also identified in the charts incorporated into this Count below (the "Exemplary '116 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '116 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**RESPONSE:** Doskocil denies the allegations of paragraph 11.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '116 Patent Claims, by having its employees internally test and use these Exemplary Products.

**RESPONSE:** Doskocil denies the allegations of paragraph 12.

13. Actual Knowledge of Infringement. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

**RESPONSE:** Doskocil denies the allegations of paragraph 13.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '116 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '116 Patent. See Exhibit 2

(extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

**RESPONSE:** Doskocil denies the allegations of paragraph 14.

15.     Exhibit 2 includes charts comparing the Exemplary '116 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '116 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '116 Patent Claims.

**RESPONSE:** Doskocil denies the allegations of paragraph 15.

16.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

**RESPONSE:** Doskocil denies the allegations of paragraph 16.

17.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**RESPONSE:** Doskocil denies the allegations of paragraph 17.

## JURY DEMAND

18.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**RESPONSE:** Doskocil agrees with Plaintiff's jury demand and also requests a jury trial on all issues so triable.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Doskocil denies that Plaintiff is entitled to any relief on any of its claims and further denies all of the allegations in Paragraphs A through E of Plaintiff's Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Doskocil incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 17. Doskocil denies any allegations in the Complaint not specifically admitted above. Without assuming any burden other than that imposed by operation of law and without reducing or removing Secure Matrix's burdens of proof on its claims, Doskocil alleges and asserts the following defenses in response to the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition, Doskocil reserves the right to further amend its Answer to add additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### Non-Infringement

2. Doskocil has not infringed, does not infringe, has not induced others to infringe, does not induce others to infringe, has not contributed and does not contribute to the infringement, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '116 Patent, under any theory of infringement, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), willfully, or otherwise.

### THIRD AFFIRMATIVE DEFENSE

### Invalidity

3. The claims of the '116 Patent are invalid for failure to comply with one or more of the requirements of the United States code, Title 35, including without limitation, 35 U.S.C. §§

101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto, and the judicially-created doctrine of obviousness-type double patenting.

## FOUTH AFFIRMATIVE DEFENSE

### Failure to Mark

4. Secure Matrix, Secure Matrix's predecessors-in-interests, and/or Secure Matrix's licensees have failed to comply with the marking requirements of 35 U.S.C. § 287 or otherwise give proper notice that Doskocil's actions allegedly infringed any claim of the '116 Patent. Doskocil is not liable to Secure Matrix for the acts alleged to have been performed before Doskocil received actual notice that it was allegedly infringing the '116 Patent. Secure Matrix's Complaint does not allege that Secure Matrix or Secure Matrix's predecessors-in- interest complied with the marking requirements of 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE

### Prosecution History Estoppel and Disclaimer

5. Secure Matrix is precluded from construing any valid claim of the '116 Patent to be infringed, literally or under the Doctrine of Equivalents. On information and belief, the applicant made admissions, omissions, arguments, amendments, representations, disclaimers, disavowals, and/or statements to the U.S. Patent and Trademark Office (a) during prosecution of the '116 Patent, (b) in the specification and claims of the '116 Patent, and/or (c) during the prosecution of patents and applications related to the '116 Patent which clearly and unmistakably surrendered the scope of the claims. Therefore, Secure Matrix is forbidden from recapturing this subject matter.

## SIXTH AFFIRMATIVE DEFENSE

### License and Patent Exhaustion

6. All conduct accused of infringement was expressly or implicitly authorized by a license (either express or implied), the doctrine of patent exhaustion, or the conduct of Secure Matrix or its predecessors-in-interest.

## SEVENTH AFFIRMATIVE DEFENSE

### Equitable Defenses and Unenforceability

7. Secure Matrix's claims are barred, in whole or in part, by one or more of the doctrine of waiver, equitable estoppel, unclean hands and/or other applicable equitable defenses.

## EIGHTH AFFIRMATIVE DEFENSE

### Limitation of Damages

8. Doskocil has not willfully and is not willfully infringing the asserted claim of the '116 Patent.

9. Secure Matrix's case is not exceptional and therefore is not entitled to recover attorney's fees pursuant to 35 U.S.C. § 285.

10. Secure Matrix's claims for damages predating the filing of this lawsuit are barred to the extent that Secure Matrix failed to provide actual or constructive notice as required by 35 U.S.C. § 287 or otherwise.

11. To the extent that Secure Matrix asserts that Doskocil indirectly infringed, either by contributory infringement or inducement of infringement, Doskocil is not liable to Secure Matrix for the acts alleged to have been performed before Doskocil knew that its actions were alleged to cause indirect infringement and possessed the intent necessary to be liable for indirect infringement.

## NINTH AFFIRMATIVE DEFENSE

### No Ensnarement

12. Secure Matrix's claims are barred, in whole or in part, by the doctrine of ensnarement. Secure Matrix is precluded from asserting infringement under the doctrine of equivalents if it will encompass or ensnare the prior art.

Dated: January 15, 2026                                     Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ Rachel L. Gillespie
　　　　　　　　　　　　　　　　　　　　Rachel L. Gillespie
　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24144005
　　　　　　　　　　　　　　　　　　　　2021 McKinney Ave, Suite 1600
　　　　　　　　　　　　　　　　　　　　Dallas, TX 75201
　　　　　　　　　　　　　　　　　　　　Telephone: 214.999.3000
　　　　　　　　　　　　　　　　　　　　Fax: 214.999.4667
　　　　　　　　　　　　　　　　　　　　rgillespie@foley.com

　　　　　　　　　　　　　　　　　　　　Kadie M. Jelenchick, *pro hac vice forthcoming*
　　　　　　　　　　　　　　　　　　　　777 East Wisconsin Avenue
　　　　　　　　　　　　　　　　　　　　Wisconsin State Bar No. 1056506
　　　　　　　　　　　　　　　　　　　　Milwaukee, WI 53202
　　　　　　　　　　　　　　　　　　　　Telephone: 414.271.2400
　　　　　　　　　　　　　　　　　　　　Fax: 414.297.4900
　　　　　　　　　　　　　　　　　　　　kjelenchick@foley.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Doskocil*
　　　　　　　　　　　　　　　　　　　　*Manufacturing Co., Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on January 15, 2025 Defendant's Answer to Plaintiff's Complaint was filed via the Court's CM/ECF system which will send notification of such filing to all counsel of record.

                                           */s/ Rachel L. Gillespie*
                                           Rachel L. Gillespie